**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHRISTIAN ORTIZ FUNES,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN OF MOSHANNON VALLEY PROCESSING CENTER, et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 3:26-CV-01834 |

**ORDER**

In their Response, Respondents indicated that Petitioner was to have a bond hearing on September 29, 2026. ECF No. 4. On November 2, 2026, Respondents were directed to file a copy of the Immigration Judge's bond decision on the record. ECF No 5. That same date, Respondents filed a Response to the Court's Order, stating that Petitioner, detained at the Rio Grande Detention Center in Laredo, Texas, was denied a bond hearing pursuant to Fifth Circuit precedent, and thus Petitioner has not received a bond hearing. ECF No. 7. In their Response, Respondents also stated as follows:

> *the Government detained Petitioner pursuant to § 1226(a),* as reflected in Petitioner's Form I-286 (Notice of Custody Determination), attached as Exhibit 1. Petitioner's Form I-286 states clearly that *he is being detained pursuant to INA § 236 (§ 1226), and not § 1225*, as alleged in his Petition. *See* Exh. 1. More importantly, the Form I-286 shows that Petitioner also requested that an Immigration Judge review the DHS's decision. *Id.* In other words, Petitioner requested an individualized bond hearing pursuant to § 1226(a) before an Immigration Judge.

ECF No. 4, at 2 (emphasis added). Despite Respondents assertion that Petitioner was detained pursuant to § 1226(a), confirmed by Petitioner's Form I-286, and this Court's assertion of Habeas jurisdiction over Petitioner, the Immigration Judge applied Fifth Circuit precedent in support of denying Petitioner a bond hearing. Order of the IJ, Sept. 29, 2026, ECF No. 7-1. Furthermore, the Immigration Judge ignored or disagreed with Respondents statement that Petitioner was detained pursuant to § 1226(a), stating that Petitioner "is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A)." *Id.*

In the Court's Order dated November 2, 2026, the Court stated that it "will grant the habeas petition and maintain jurisdiction" ECF No. 6. Jurisdiction in this Court attached upon filing of the Petition and remains with this Court. "It is well established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Littles v. United States*, No. CIV. 14-6371 NLH, 2015 WL 1608918, at *2 (D.N.J. Apr. 10, 2015) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004)). A bond hearing pursuant to § 1226(a), as Respondents informed the Court would be held, did not occur. Because jurisdiction attached in this Court, any § 1226(a) bond hearing should have been held within the Third Circuit, before an immigration judge within the jurisdiction of the Third Circuit, applying Third Circuit law and precedent. That did not happen. Given the factual and procedural history of this case, it is clear that administrative remedies in the form of an individualized bond hearing, consistent with Third Circuit precedent, did not occur to meet Petitioner's claim and constitutional rights. *Cherenfant, v. Warden, Pike County Correctional Facility*, No. 3:26-CV-2987, 2026 WL 3085459, at *5 (M.D. Pa. Oct. 15, 2026) (releasing petitioner because "mandatory detention without a bond hearing pursuant to 8 U.S.C. § 1225(b)(2)(A) violates his procedural due process rights under the Fifth Amendment"). As such, the Court will direct the release of Petitioner as the only viable remedy to protect his constitutional due process rights. A separate Order will be entered.

BY THE COURT:

DATED: November 4, 2026

Marilyn J. Horan
United States District Judge