**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHRISTIAN ORTIZ FUNES,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN OF MOSHANNON VALLEY PROCESSING CENTER, et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 3:26-CV-01834 |

**ORDER of RELEASE**

For the reasons stated in this Court's November 4, 2026 Order (ECF No. 8), and to protect and preserve Petitioner's constitutional rights, the following Order is hereby entered.

AND NOW, this 4th day of November 2026, it is hereby ORDERED that Petitioner's Habeas Petition is hereby GRANTED as follows:

1. Based upon this District's precedent, Respondents will immediately release Petitioner from immigration detention and transport him to his home residence located at 450 West 5TH Street, APT. 1, Plainfield, NJ  07060. *Medina Hurtado v. Field Office Director*, No. 3:26-cv-00775 (W.D. Pa. Sept. 14, 2026); *Medina Hurtado v. Field Office Director*, No. 3-26-cv-00775, at *2 (W.D. Pa. Oct. 15, 2026); *J.G.M. v. Oddo*, No. 3:26-cv-01535, 2026 WL 3001371, at *3 (W.D. Pa. Oct. 6, 2026).

2. Respondents shall transfer Petitioner to his home residence located at 450 West 5TH Street, APT. 1, Plainfield, NJ  07060, within 72 hours of entry of this order.

3. Upon his release, Respondents shall provide Petitioner will any and all of his belongings seized[1] when he was taken into detention on September 10, 2026 and his belongings will accompany him to his home residence located at 450 West 5TH Street, APT. 1, Plainfield, NJ 07060.

4. Respondents are to provide the Court with a report, once Petitioner is safely returned to his residence.

5. Upon release, Respondents shall not require Petitioner to check-in with immigration authorities more frequently than once in any ninety (90) day period during the pendency of his removal proceedings.

6. Petitioner is not to be re-detained unless there is a subsequent change in Petitioner's circumstances where the government sufficiently alleges that such change affects the safety of the public or the Petitioner's likelihood of being a flight risk. "Respondent will be permanently enjoined from detaining Petitioner under 8 U.S.C. § 1225(b), absent a compelling change in circumstances." *Cherenfant, v. Warden, Pike County Correctional Facility*, No. 3:26-CV-2987, 2026 WL 3085459, at *5 (M.D. Pa. Oct. 15, 2026)[2] (citing *Bethancourt Soto*, 807 F. Supp. 3d at 410 (permanently enjoining respondents from detaining petitioner under § 1225); *Patel v. O'Neill*, 2025 WL 3516865, at *6 (M.D. Pa. Dec. 8, 2025) (same). If Respondent elects to later detain

---

[1] Petitioner's personal belongings shall include, to the extent such documents were seized, his immigration documents and any government issued identification, such as a state driver's license.

[2] The Court in *Cherenfant*, determined that the habeas petition would be granted because "Petitioner's mandatory detention without a bond hearing pursuant to 8 U.S.C. § 1225(b)(2)(A) violates his procedural due process rights under the Fifth Amendment." *Cherenfant, v. Warden, Pike County Correctional Facility*, No. 3:26-CV-2987, 2026 WL 3085459, at *5 (M.D. Pa. Oct. 15, 2026).

Petitioner under 8 U.S.C. § 1226(a), the Respondent must provide Petitioner with notice and an opportunity to be heard at a timely individualized bond hearing where an Immigration Judge shall assess whether he is a danger or flight risk.

With no further action required by the Court at this time, the Clerk of Court shall mark this matter closed.

BY THE COURT:

DATED: November 4, 2026

Marilyn J. Horan
United States District Judge